UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CIVIL ACTION |
| SHANNON DONNELLY SCHWEITZER | NO. 07-4036 |
| | SECTION "N" (1) |

# ORDER AND REASONS

Before the Court is the **Motion to Dismiss Appeal by Robert G. Harvey, Sr., Appellant of the Bankruptcy Court's Order of July 18, 2007 for Want of Appellant Jurisdiction (Rec. Doc. 3)**. This motion, which was opposed, was set for hearing on September 26, 2007, without oral argument. For the reasons stated herein, **IT IS ORDERED** that the motion is **GRANTED**.

## I. BACKGROUND

On July 27, 2007, Robert G. Harvey, Sr. (hereinafter, "Harvey" or "Appellant") filed a "Notice of Appeal" (See Bankruptcy case number 05-14143, Rec. Doc. 423), appealing the Bankruptcy Court's July 18, 2007 order denying Harvey's Motion to Recuse Honorable Judge Elizabeth Magner, pursuant to 28 U.S.C. § 455. (See Bankruptcy case number 05-14143, Rec. Doc. 400). The Bankruptcy Court subsequently denied Harvey's motion to stay the bankruptcy proceedings during the appeal of the motion to recuse. (See Bankruptcy case number 05-14143, Rec. Doc. 437). Shannon Donnelly Schweitzer (hereinafter, "Schweitzer" or "Appellee") has now filed the present motion to dismiss this appeal, claiming that appellate jurisdiction does not exist under these circumstances.

## II. LAW AND ANALYSIS

As the Appellee points out, the law is quite clear that an order denying a motion to

disqualify a judge is an interlocutory order from which no appeal lies prior to final judgment in the case.  See *Willis v. Kroger*, 263 F.3d 163 (5th Cir. 2001) ("The denial of a recusal motion is not an appealable interlocutory order or an appealable collateral order"); *Nobby Lobby, Inc. v. City of Dallas*, 970 F.2d 82, 86 (5th Cir. 1992) ("the [defendant] must await final judgment to appeal the judge's refusal to recuse himself"); *In Re Corrugated Container Antitrust Litigation*, 614 F.2d 958, 960-61 (5th Cir. 1980) ("Disqualification questions are fully reviewable on appeal from final judgment").  Thus, this Court lacks jurisdiction to hear this appeal.  However, even if this Court had jurisdiction to hear this appeal, Harvey failed to satisfy the procedural requirements for filing an appeal.

>   Appeals from bankruptcy court are governed by 28 U.S.C. § 158(a), which provides:
>
>> The district courts of the United States shall have jurisdiction to hear appeals
>>
>> (1) from final judgments, orders, and decrees;
>> (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
>> (3) *with leave of the court*, from other interlocutory orders and decrees;
>>
>> and, *with leave of the court*, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

28 U.S.C. § 158(a) (emphasis added).  Thus, parties must first obtain leave of Court to appeal from interlocutory orders.  Rule 8001(b) of the Federal Rules of Bankruptcy Procedure explains the procedure used in appealing interlocutory orders:

>   An appeal from an interlocutory judgment, order, or decree of a bankruptcy judge as permitted by 28 U.S.C. § 158(a)(3) shall be taken by filing a notice of appeal, as prescribed in subdivision (a) of this rule,

>    *accompanied by a motion for leave to appeal* prepared in accordance with
>    Rule 8003 and with proof of service in accordance with Rule 8008.

Fed. R. Bank. P. 8001(b) (emphasis added). "The notice of appeal [and motion for leave to file appeal] shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." Fed. R. Bank. P. 8002 (a). The content of this motion for leave to appeal is described in Rule 8003(a), which provides:

>    A motion for leave to appeal under 28 U.S.C. § 158(a) shall contain: (1) a
>    statement of the facts necessary to an understanding of the questions to be
>    presented by the appeal; (2) a statement of those questions and of the
>    relief sought; (3) a statement of the reasons why an appeal should be
>    granted; and (4) a copy of the judgment, order, or decree complained of
>    and of any opinion or memorandum relating thereto. Within 10 days after
>    service of the motion, an adverse party may file with the clerk an answer
>    in opposition.

Fed. R. Bank. P. 8003(a). This rule also allows for a notice of appeal to be treated as a motion for leave to appeal under certain circumstances:

>    If a required motion for leave to appeal is not filed, but a notice of appeal
>    is timely filed, the district court or bankruptcy appellate panel may grant
>    leave to appeal or direct that a motion for leave to appeal be filed. The
>    district court or the bankruptcy appellate panel may also deny leave to
>    appeal but in so doing shall consider the notice of appeal as a motion for
>    leave to appeal. Unless an order directing that a motion for leave to appeal
>    be filed provides otherwise, the motion shall be filed within 10 days of
>    entry of the order.

Fed. R. Bank. P. 8003(a). In this case, Appellant did not *timely* file a motion for leave to file an appeal[1]; however, he did timely file a notice of appeal.

In response to Appellee's argument that Harvey's appeal is procedurally defective based

---

[1] The Court notes that Harvey finally sought leave to file an appeal, albeit untimely, on October 3, 2007, the very same day that he filed his brief. (Rec. Doc. 19). Interestingly, Harvey chose to entitle the motion, "Appellants' Motion for Leave to File Appellate Brief." Although Appellant did not indicate in the motion whether it was opposed (as required by the local rules), the Appellee filed a motion in opposition to it, stating the same reasons as she argues in support of her motion to dismiss the appeal. (Rec. Doc. 21).

on his failure to timely file a motion for leave to appeal, Harvey stated that he "believed that the denial of the recusal was a final judgment, and was directly appealable to the District Court." (Rec. Doc. 7, p. 2).  However, even a cursory review of Fifth Circuit case law would have revealed that such orders are not appealable prior to final judgment.  Furthermore, the Court notes that as this is the third appeal in this matter, counsel should know the statutory, jurisprudential, and local rule provisions by now, or at least know where to find such guidance such that compliance therewith will not be problematic.

Further, the Court finds that the case of *Midwest Properties No. Two v. Big Hill Inv. Co., Inc.*, 93 B.R. 357 (N.D. Tex. 1988), cited by Harvey, does not support the assertion that this Court should grant leave to review this interlocutory order.  *Midwest Properties* dealt with a sanctions order issued by a bankruptcy judge wherein the appealing party had to either pay sanctions or be faced with increased penalties and possible imprisonment.  The Court, in that instance, determined that immediate review was justified.

Here, Appellant claims that immediate review is necessary to prevent further prejudice against him; however, he does not even reference the many Fifth Circuit cases (including *Willis*, *Nobby Lobby*, and *In Re Corrugated Container* (see *supra*)) that state that an order denying a motion for recusal is not appealable prior to final judgment.[2]  The Court concludes that this case is no different from *Willis*, *Nobby Lobby*, and *In Re Corrugated Container*.  Because this Court is without jurisdiction to hear this appeal, it shall be dismissed.  Accordingly,

**IT IS ORDERED** that **Motion to Dismiss Appeal by Robert G. Harvey, Sr.,**

---

[2] The Court cautions the parties that appeals from nonappealable orders are without merit and are thus frivolous under *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir.1983).

4

**Appellant of the Bankruptcy Court's Order of July 18, 2007 for Want of Appellant Jurisdiction (Rec. Doc. 3)** should be and is hereby **GRANTED.**

New Orleans, Louisiana, this 9th day of October, 2007.

_____
**KURT D. ENGELHARDT**
**United States District Judge**